UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
                                :
MARY ODOM and TODD              :
VAILLANCOURT,                   :
                                :   Civil No. 3:23-cv-256(AWT)
          Plaintiffs,           :
                                :
v.                              :
                                :
CENLAR FSB and JOHN             :
DOES 1-10,                      :
                                :
          Defendants.           :
------------------------------- x
```

## ORDER RE MOTION TO DISMISS

For the reasons set forth below, the Motion of Defendant, Cenlar FSB, to Dismiss the Complaint Pursuant to Federal Rule[] of Civil Procedure 12(b)(6) (ECF No. 20) is hereby GRANTED.

The plaintiffs bring seven claims for relief. Most are barred by the doctrine of res judicata, and the remaining claims must be dismissed because they are barred by the statute of limitations and/or the plaintiff fails to state a claim upon which relief can be granted.

I. FACTUAL BACKGROUND

On or about August 23, 2001, the plaintiffs executed and delivered a promissory note in the original principal amount of $110,000.00 to ABN Amro Mortgage Group, Inc. (the "Note"). To secure the Note, the plaintiffs executed and delivered a Deed of Trust encumbering real property located at 257 East Street in

Wolcott, Connecticut. Citimortgage, Inc. ("Citimortgage") is the successor by merger to ABN Amro Mortgage Group, Inc. On or about April 25, 2014, the plaintiffs modified the terms of the Note and the Deed of Trust by entering into a loan modification agreement (the "Loan Modification Agreement"). The new principal balance was $70,531.23, to be repaid as provided for in the Loan Modification Agreement. Defendant Cenlar FSB services the loan for Citimortgage.

The plaintiffs defaulted under the loan documents, and Citimortgage commenced an action in Connecticut Superior Court to foreclose on the Property on May 22, 2017. See Citimortgage, Inc. v. Vaillancourt, Todd A/K/A Vaillancourt, Todd M., et al., UWY-CV17-6034874-S (the "Foreclosure Action"). A judgment of foreclosure by sale was entered in the Foreclosure Action on January 22, 2019. The plaintiffs commenced this action on February 27, 2023.

**II. DISCUSSION**

  **A. Res Judicata**

The plaintiffs' first claim for relief is a "Request for equitable cancellation of the Assignment, Cancellation of Deed, Modification." Pls.' Emergency Mot. For Ex-Parte TRO, TRO (ECF No. 2) at 2. The second claim for relief is for "Slander of Title" and they ask that the "Assignment" and the "modification" be declared void. Id., at 2 and 15.

The fifth claim for relief is a request for an accounting with respect to the payments made by the plaintiffs on account of the loan.

The sixth claim for relief is a request for a "Restraining Order to bar Defendants from proceeding with a non-judicial foreclosure sale . . . ." Id. at 22.

The seventh claim for relief is for an order restraining the defendants "from selling, attempting to sell, or causing to be sold the property, either under the power of sale in the Mortgage/Deed of Trust/mortgage or by foreclosure action." Id. at 26.

Under the doctrine of res judicata "[a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties . . . upon the same claim or demand." Gaynor v. Payne, 261 Conn. 585, 595-96 (2002) (quoting Slattery v. Maykut, 176 Conn. 147, 156-57 (1978)).

> Traditionally, a judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions.

Santorso v. Bristol Hosp., 308 Conn. 338, 348 (2013) (quoting 50 C.J.S. 283-84, Judgments § 959 (2009)). State court judgments have res judicata effect in federal courts. See Migra v. Warren

City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984). In Connecticut,

> [g]enerally, for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue.

Wheeler v. Beachcroft, LLC, 320 Conn. 146, 156-57 (2016).

Each of the first, second, fifth, sixth and seventh claims for relief is a challenge to the validity of the loan documents, standing to commence and prosecute the Foreclosure Action, and/or the amount paid and owed on the loan.

"A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both . . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles . . . ." Fid. Bank v. Krenisky, 72 Conn. App. 700, 705 (2002) (alterations in original) (quoting LaSalle National Bank v. Freshfield Meadows, LLC, 69 Conn.App. 824, 833-34 (2002)); see also Woodcrest Condo. Assn. v. Ruby, 2012 WL 432558, at *5 (Conn. Super. Ct. Jan. 19, 2012) ("It is well established that in Connecticut, defenses and counterclaims in a foreclosure

-4-

action must relate to the making, validity, or enforcement of the mortgage note.").

> [T]o seek enforcement of a note through foreclosure, a holder must be able to demonstrate it is the owner of the underlying debt. . . . [A] holder of a note is presumed to be the rightful owner of the underlying debt, and . . . unless the party defending against the foreclosure action rebuts that presumption, the holder has standing to foreclose . . . . [I]f a defendant in a foreclosure action [is] able to demonstrate that the debt [is] owned by a party other than the one bringing the foreclosure action, or by other means [is] able to rebut the presumption that the holder of the note was the owner of the debt, the result [is] not an automatic dismissal of the action due to lack of standing. Rather, the burden shifts back to the party bringing the foreclosure action to demonstrate that the rightful owner had in some way vested in it the right to collect the debt on the owner's behalf.

CitiMortgage, Inc. v. Tanasi, 176 Conn. App. 829, 836 (2017) (all but first and second alteration in original) (internal quotation marks and citations omitted).

Thus, each of these five claims could have been asserted by the plaintiffs in the Foreclosure Action, and all other requirements for the application of res judicata are satisfied.

**B. Connecticut Unfair Trade Practices Act**

The plaintiffs' third claim for relief is that there was a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat § 42-110a et seq., in connection with the Loan Modification Agreement. The Loan Modification Agreement was entered into in April 2014.

"CUTPA claims are governed by [a] three-year statute[] of limitation." Breiner v. Stone, 122 F.3d 1055 (2d Cir. 1997); see also Conn. Gen. Stat § 42-110g(f) ("An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."). "CUTPA's three-year limitation period is triggered upon the occurrence of the alleged violation, not the discovery of the alleged practice." Izzarelli v. R.J. Reynolds Tobacco Co., 117 F. Supp. 2d 167, 177 (D. Conn. 2000).

Thus, the plaintiffs' CUPTA cause of action is barred by the applicable statute of limitations, which expired in April, 2017.

**C. Intentional and Negligent Infliction of Emotional Distress**

The fourth claim for relief is a claim for intentional and negligent infliction of emotional distress.

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (citations omitted). However, the plaintiff must plead "only enough facts

to state a claim to relief that is plausible on its face." Id. at 568.

The plaintiffs allege:

> On Oct. 11 2018 The bank filed a Preliminary Statement of Monetary Claim. I (Mary Odom) [submitted] all the paperwork for the Modification. Keep [submitting] the paperwork that Cenlar was asking for. On May 17 2019 The Modification was denied. The reason was that the hard ship did not meet the program requirements. Cenlar then had me again [submit] the paperwork for another modification. Again it was denied. Tried multiple times but Cenlar always being denied.

Pls.' Emergency Mot. For Ex-Parte TRO, TRO at 9. The plaintiffs claim that they were subjected to intentional or negligent infliction of emotional distress by virtue of the denial of their request for a loan modification.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Carrol v. Allstate Ins. Co., 262 Conn. 433, 443 (2003) (footnote omitted) (quoting Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210 (2000)). To state a claim for negligent infliction of emotional distress, a plaintiff must allege "(1) 'the defendant's conduct created an

-7-

unreasonable risk of causing the plaintiff emotional distress[;] [2] the plaintiff's distress was foreseeable[;] [3] the emotional distress was severe enough that it might result in illness or bodily harm[;] and[ ] . . . [4] the defendant's conduct was the cause of the plaintiff's distress.'" Henderson v. Wells Fargo Bank, N.A., 2017 WL 731780, at *8 (D. Conn. Feb. 21, 2017) (alterations in original) (quoting Olson v. Bristol-Burlington Health Dist., 87 Conn. App. 1, 5 (2005)).

An allegation that a defendant denied an application for a loan modification is not sufficient to establish the pertinent elements of either a claim for intentional infliction of emotional distress or a claim for negligent infliction of emotional distress. With respect to intentional infliction of emotional distress, such an allegation does not support an inference that an actor intended to inflict emotional distress, nor does it constitute extreme and outrageous conduct. See Bank of Am., N.A. v. Criscitelli, 2015 WL 5806294, at *5 (Conn. Super. Ct. Aug. 31, 2015) (an actor agreeing to a loan modification and then, for bad faith reasons, reneging on the loan modification agreement and commencing a foreclosure action does not rise to extreme or outrageous conduct). With respect to a claim for negligent infliction of emotional distress, such an allegation does not support a conclusion that a defendant's conduct created an unreasonable risk of causing emotional

-8-

distress, nor does it support a conclusion that severe emotional distress was foreseeable. See Henderson, 2017 WL 731780, at *8 ("While Defendant may have conducted a frustrating loan modification process . . . this conduct standing alone cannot create an unreasonable risk of causing severe illness or bodily harm and thus cannot support a claim for negligent infliction of emotional distress."); id. ("[N]o reasonable jury could find that Defendant's conduct [] created an unreasonable risk of causing Plaintiff emotional distress since it was entitled to prosecute its foreclosure action, even though the foreclosure process itself is undoubtedly distressful for the homeowner.")

**V. CONCLUSION**

For the reasons set forth above, the Motion of Defendant, Cenlar FSB, to Dismiss the Complaint Pursuant to Federal Rule[] of Civil Procedure 12(b)(6) (ECF No. 20) is hereby GRANTED.

The Clerk shall enter a judgment accordingly and close this case.

It is so ordered.

Dated this 12th day of January 2024, at Hartford, Connecticut.

                                                 /s/
                                    Alvin W. Thompson
                            United States District Judge